HON. RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | NO. CR08-5407RBL |
| v. | DEFENDANT'S SENTENCING MEMORANDUM |
| JENNIFER L. CARINO, | |
| Defendant. | |

## I.

## INTRODUCTION

On December 18, 2008, Jennifer L. Carino appeared before Hon. Ronald B. Leighton and entered a plea of guilty to a superseding information charging her with making a materially false statement on her federal income tax return for the 2005 calendar year, in violation of 26 U.S.C. §7206(1). The charge was based on Ms. Carino's failure to report on her income tax return monies she received for participating in the cashing of checks payable to her, drawn on Mahnke Lumber Company, in payment for logs that had not been delivered to the lumber company. Sentencing is now scheduled to occur on **April 17, 2009, at 11:00 a.m.** In this memorandum, we present our sentencing recommendation and discuss the factors that support it.

DEFENDANT'S SENTENCING
MEMORANDUM  - 1

Law Offices of Allen R. Bentley
1111 Third Avenue, Suite 2220
Seattle, WA 98101-3207
(206) 343-9391

## II.

## SENTENCING RECOMMENDATION

We recommend that the court place Ms. Carino on probation for five years, with the special condition that she spend the first six months in home confinement with electronic monitoring.

## III.

## DISCUSSION

Our recommendation is well warranted by the facts of this particular case. Moreover, a probationary sentence, combined with a period of home confinement, would be consistent with the sentences imposed on a number of the other defendants in this case, defendants whose culpability is somewhat comparable to that of Ms. Carino – Robert M. Lester, Anthony Barbera, Daniel McCormick, Shawn Pak, Monica Ramos, Jason Staley, David Vinson, Helen Ware, Courtney Wemmer and, most recently, Elaine Turner.

A sentence to probation with home confinement would also be consistent with the advisory Sentencing Guidelines. The Probation Office has calculated the guidelines in the following manner:

| | |
|---|---|
| Base Offense Level [Guidelines §§2T1.1(a)(1) and 2T4.1(C)] | 10 |
| Specific Offense Characteristic for Failing to Report Income of More than $10,000 in a Single Year [Guidelines §2T1.1(b)(1)] | + 2 |
| Less Adjustment for Acceptance of Responsibility [Guidelines §3E1.1] | - 2 |
| Total Offense Level | 10 |

We agree with the Probation Office's calculation of the Guidelines. We also agree that Ms. Carino falls into Criminal History Category I and faces a range of six to 12 months.

DEFENDANT'S SENTENCING
MEMORANDUM - 2

Law Offices of Allen R. Bentley
1111 Third Avenue, Suite 2220
Seattle, WA 98101-3207
(206) 343-9391

The "low end" of the calculated guidelines range is six months. The case falls within Zone B. In Zone B, the low end of the range can be satisfied by a sentence that substitutes home confinement for incarceration in a jail-type institution on a day-for-day basis. *See* Guidelines §5C1.1(c)(3).[1]

Ms. Carino's involvement in the scheme to defraud the Mahnke Lumber Company was as a casher of checks issued by the company in payment for non-existent logs. Ms. Carino became involved at the urging of her then boyfriend, Berlie Fincham. Fincham lied to her about where the Mahnke Lumber checks were coming from – he told her that the checks had been issued in payment for lumber that had been "donated." He clearly felt that a cover story of some kind was needed in order to induce her to cash the checks. Fincham felt that it would be easier to get her to cash them by misrepresenting the surrounding circumstances. Of course, she was not entitled to the checks under any set of facts. As Ms. Carino stated in her statement accepting responsibility, what Fincham told her

> did not justify what I had done. I was at a vulnerable point in my life and the temptation of 'easy money' led me to make a bad decision. I regret my involvement with this and wish I could take it back.

Ms. Carino, 25 years old, is the product of a chaotic, unsupportive family system. Somehow she has managed to overcome the handicaps of her upbringing and become a relatively responsible individual. She has a Washington real estate license. She owns two rental homes. At one point she was entrusted with legal custody of a younger sibling. During the time when she was in a relationship with Mr. Fincham, she did not cohabit with him, because she felt it would not be a good setting for her young daughter, Marissa.

---

[1]. The Probation Office recommends that Ms. Carino be sentenced to 30 days incarceration, to be followed by one year of supervised release, with the special condition of home confinement with electronic monitoring to follow the 30 days. Our recommendation is similar, but without the 30 days and with four more years of court supervision.

DEFENDANT'S SENTENCING
MEMORANDUM - 3

Law Offices of Allen R. Bentley
1111 Third Avenue, Suite 2220
Seattle, WA 98101-3207
(206) 343-9391

After the episode with Mr. Fincham, Ms. Carino returned to living with her fiancé, Chris Carino. Mr. Carino is gainfully employed as a warehouse worker and appears to be a further source of stability for her at this time.

Ms. Carino's conduct while awaiting sentencing not been perfect – witness her arrest for driving while intoxicated. Yet to the extent that she has experienced problems adjusting to pretrial supervision, this underscores the appropriateness of a sentence that will insure a relatively long period of court supervision.[2]

### III.

### CONCLUSION

Ms. Carino has taken responsibility for her actions and is prepared, obviously, to serve whatever sentence the court may impose – be it incarceration, home confinement, or some of both. In deciding on what sentence would be appropriate, we submit that the court should consider how the sentence will impact the length of time under which Ms. Carino will be subject to court supervision. If she is sentenced to incarceration, as recommended by the Probation Office, the maximum length of court

---

2. We differ with the statement of the Probation Office, in its "Justification" section, to the effect that Ms. Carino has twice traveled out of state without the prior approval of Pretrial Services. Ms. Carino's bond [Docket No. 29] limits her to travel within the continental United States or as directed by Pretrial Services. As we read it, and as Ms. Carino understood it, travel within the continental United States did not require prior Pretrial Services approval. Instead, as part of being supervised she was simply to keep Pretrial Services informed of her travel. She disclosed her first California trip (where she was the bridesmaid at her mother's wedding) to defense counsel, and if counsel had believed that her travel was limited to this district he would have filed a motion to permit the travel. We have received emails between Ms. Carino and her Pretrial Services officer which reflect this understanding and in which she advised the officer of the second of the out-of-state trips, a brief trip to California for a family reunion, arranged by her grandfather. These emails will be submitted to the court upon request.

DEFENDANT'S SENTENCING MEMORANDUM - 4

Law Offices of Allen R. Bentley
1111 Third Avenue, Suite 2220
Seattle, WA 98101-3207
(206) 343-9391

1  supervision under the law would be one year, as the Probation Office recognizes. However, if the court
2  should decide that a probationary sentence is warranted, the court will be able to maintain supervision
3  for a period of five years.
4      Ms. Carino is a young person who could benefit from the supervision of a probation officer and
5  from the resources of the federal courts. A five-year probationary sentence would be appropriate for that
6  reason. Moreover, the court's sentence will impose a significant amount of restitution, $123,562. While
7  on probation, Ms. Carino will have the added incentive of probationary supervision to make payments to
8  Mahnke Lumber Company for the loss they suffered in this case.
9      For the foregoing reasons, we submit, a probationary sentence will serve the best interests of the
10  defendant, the community, and the victim, in this case.
11      DATED this  13st  day of April, 2009.

Respectfully submitted,

LAW OFFICES OF
ALLEN R. BENTLEY

By: /s/ Allen R. Bentley
    ALLEN R. BENTLEY
    WSBA No. 12275
    Law Offices of Allen R. Bentley
    1111 Third Avenue
    Seattle, WA 98101
    Telephone: (206) 343-9391
    Fax: (206) 682-3746
    Email: abentley@concentric.net

DEFENDANT'S SENTENCING
MEMORANDUM - 5

## CERTIFICATE OF SERVICE

I certify that on April 13, 2009, I electronically filed the foregoing Defendant's Sentencing Memorandum with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorneys of record for the United States of America, Assistant United States Attorney Arlen Storm, and to counsel for the codefendants, at their email addresses of record.

By: /s/ Allen R. Bentley
ALLEN R. BENTLEY
WSBA No. 12275
Law Offices of Allen R. Bentley
1111 Third Avenue
Seattle, WA  98101
Telephone: (206) 343-9391
Fax: (206) 682-3746
Email:  abentley@concentric.net